[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CR94-0 107728.
Auden Grogins, Esq., Defense Counsel, for Petitioner.
Bruce Hudek. Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION:
The petitioner was convicted after a trial by jury of Manslaughter, 1st degree and sentenced to a term of 20 years.
On October 23, 1993, at approximately 2:21 a.m., a Stamford Police Officer heard gunshots while driving his vehicle in the Southfield Village area. He stopped the patrol car and observed a black male wielding a gun and chasing a second black male. Both males ran east on Laddins Lane when the male with the gun fired at the other male. Hearing the shots, the officer radioed for assistance and drove down Laddins Lane where he located a black male lying on the ground. The victim had been shot twice in the back and once in the chest. He was pronounced dead at Stamford Hospital at 2:45 a.m.
An arrest warrant was issued for Brian Barrett, and he was apprehended in Carthage, North Carolina on December 15, 1994 and charged with Murder. On July 15, 1996, he was convicted of Manslaughter 1st Degree.
Petitioner's counsel argued that the 20-year sentence CT Page 7098 imposed, which was the maximum at that time, was unduly harsh based upon the facts. Counsel claims the petitioner's prior record and history do not warrant the maximum sentence. He was not on probation at the time but had three prior convictions for narcotics. Counsel further argued that this was his first Part A case and his first conviction for a crime of violence. Petitioner's counsel also argued that this was originally a murder charge and her client was highly intoxicated at the time.
The State referred to the petitioner's past felony convictions, and the petitioner has no redeeming features. The State also pointed out that the petitioner fled to North Carolina and had to be returned to Connecticut.
The Court commented at the petitioner's sentencing that he had been involved in the drug trade since 1987. He further commented on the fact that homicides are part of the cost of doing business in the trade. Further mention was made of the petitioner's three prior arcotics convictions.
There is no question that this was a serious act of violence by a person with a significant felony record. Whenever an individual loses their life, under circumstances as they were in this case, it is very difficult to argue that the maximum sentence was not justified.
The Review Division can only reduce a sentence if it is disproportionate or unreasonable when reviewed pursuant to Practice Book § 43-28.
Under the circumstances of this case, the sentence is proportionate and reasonable. It is affirmed.
Iannotti, Klaczak and Norko, J.s, participated in this decision.